**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell N. Weikert and Shelley Weikert, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Wright Medical Technology, Inc., a Delaware corporation; and Wright Medical Group, Inc., a Delaware corporation,<br><br>Defendants. | No. CV11-2415-PHX-DGC<br><br>**ORDER** |

Defendants Wright Medical Technology, Inc. and Wright Medical Group have filed a Rule 12(b)(6) motion to dismiss count two and Plaintiffs' prayer for punitive damages. Doc. 10. The motions are fully briefed. Docs. 10, 11, 12. Oral argument has not been requested. For reasons that follow, the Court will deny the motion.

**I.    Background.**

On October 26, 2006, Plaintiff Russell Weikert received a left hip implant manufactured and distributed by Defendants. Doc. 1 at 2-3. On December 12, 2009, during Russell's usual physical workout, the implant cracked and failed. *Id.* Plaintiffs filed a complaint against Defendants on December 7, 2011, seeking damages for physical and mental suffering, loss of consortium, loss of present and future income, punitive damages, and costs. *Id.* at 8-9.

**II.    Legal Standards.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), all

allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, the complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Even if the relevant dates alleged in the complaint are beyond the statutory period, however, the complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

**III.   Count Two.**

Defendants argue that count two should be dismissed as barred by the Arizona statute of limitations that applies to breach of warranty claims. A.R.S. § 47-2725. The relevant subsections of that statute read:

> A.   An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> B.   A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Defendants argue that tender of delivery occurred on October 26, 2006 – the day of Russell's surgery – and that the statute of limitations began to run on that date. Doc. 10 at 3. If correct, Plaintiffs' claim is time-barred because it was filed more than five years later on December 7, 2011. Doc. 1.

Plaintiffs assert that Defendants explicitly extended the warranty to future performance when their representative told Russell's doctor that the implant would last twenty to thirty years. *Id.* at 5. If correct, Plaintiffs would have four years from December 14, 2009 – the date of the implant's failure – to file their breach of warranty claim, and the claim filed on December 7, 2011 would be timely. A.R.S. § 47-2725(B).

Defendants respond that the term "explicit" in A.R.S. § 47-2725(B) means that the warranty of future performance must be express, unambiguous and clearly stated, *see Reiniger v. W.L. Gore & Associates, Inc.*, No. CV-09-8185-PCT-PGR, 2010 WL 1948588 (D. Ariz. May 12, 2010), but fail to show why their representative's alleged representation to Russell's doctor does not meet this standard. Plaintiffs cite cases holding that a reference to a specific future time period is sufficient to explicitly extend a warranty to future performance. *See Tolen v. A.H. Robins Co., Inc.*, 570 F. Supp. 1146, 1153-54 (N.D. Ind. 1983); *Standard Alliance Indus., Inc. v. Black Clawson Co.*, 587 F.2d 813 (6th Cir. 1978), *cert. denied*, 441 U.S. 923 (1979). Plaintiffs argue that Defendants' representative made a clear guarantee.

Whether this case falls within Defendants' case law or Plaintiffs' case law cannot be resolved on the current record. This issue must be resolved at the summary judgment stage or at trial when more information is available concerning the precise statements made by Defendants' representative. Because the Court cannot at this stage conclude beyond doubt that Plaintiffs can prove no set of facts that would establish the timeliness of their claim, the motion to dismiss count two will be denied. *Hernandez*, 138 F.3d at 402.

**IV.   Punitive Damages.**

To recover punitive damages under Arizona law, a plaintiff must prove by clear and convincing evidence that the defendant engaged in aggravated and outrageous conduct with an "evil mind." *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. Ct. App. 1995). An evil mind "may be found where defendant intended to injure the plaintiff. It may also be found where, although not intending to

cause injury, defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986). Defendants argue that Plaintiffs have failed to allege facts sufficient to show an evil mind.

Plaintiffs allege that there was a foreseeable risk of harm inherent in the design of the implant, that Defendants knew or should have known of the risk, and that Defendants consciously disregarded the substantial risk. Doc. 1 at ¶¶ 23-24, 55. Although the Court has doubts about whether such a claim ultimately can satisfy the demanding standard for punitive damages in Arizona, these allegations sufficiently plead an evil mind under the law quoted above – an evil mind exists when a "defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Rawlings*, 726 P.2d at 578. Moreover, the Court notes that Rule 9(b) allows malice, intent, knowledge, and other conditions of a person's mind to be alleged generally.[1]

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 10) is **denied**.

Dated this 3rd day of August, 2012.

_____
David G. Campbell
United States District Judge

---

[1] The Court will not strike Plaintiffs' response as requested by Defendants. The Court has not considered or relied on the factual material attached to the response.